UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL KISSINGER,

     Plaintiff,

                              Case No. 1:25-cv-171

v.

                              Hon. Paul L. Maloney

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

## <u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

This matter comes before the Court on Magistrate Judge Vermaat's Report and Recommendation (R&R). (ECF No. 12.)  In the R&R, Magistrate Judge Vermaat recommended that the Commissioner's decision be affirmed.  Plaintiff filed objections. (ECF No. 13.)  Plaintiff argues that the Administrative Law Judge (ALJ) did not properly consider certain evidence in the administrative record.  The Court finds that the ALJ properly considered the record evidence and explained how he factored the evidence into his analysis, as Magistrate Judge Vermaat found in the R&R.  And so, the Court will adopt the R&R in full.

**I.**

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the

proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall,* 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).  An "objection does not oblige the district court to ignore the report and recommendation."  *Fharmacy Recs. v. Nassar,* 465 F. App'x 448, 456 (6th Cir. 2012).  Our Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections."  W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

This is a social security case involving the appeal of an administrative law judge's decision.  Judicial review of an ALJ's decision "is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence."  *Blakley v. Comm'r of Soc. Sec.,* 581 F.3d 399, 405 (6th Cir. 2009) (citing *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir. 1997)); *see* 42 U.S.C. § 405(g).

An ALJ's findings are supported by substantial evidence if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Blakley*, 581 F.3d at 406 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)).

## II.

Plaintiff objects to the R&R for two reasons. Neither objection is meritorious. The Court will adopt the report and recommendation.

Plaintiff first argues that the R&R misapplies a substantial evidence review by accepting the ALJ's supportability analysis even though that analysis ignored portions of Dr. Comai's notes. In his opinion, The ALJ found that Dr. Comai's opinion was only partially persuasive and that the medical records did not support finding limitations on Plaintiff's ability to stand or walk, among other restrictions. As the ALJ put it,

> such significant limitations are unsupported by Dr. Comai's own treatment records, which do not contain sufficient narrative statements or clinical examination finding abnormalities to provide a corroborative basis for such restrictions.

(Admin. R., ECF No. 5-2, PageID.40.)

Plaintiff argues that Dr. Comai *did* include sufficient narrative statements and clinical examinations finding abnormalities. During a physical examination in October 2024, Dr. Comai wrote in his notes that Plaintiff's tricompartmental knee arthritis was "severe enough that he may warrant arthroplasty in the future" and "the exam findings and x-ray

3

findings are significant enough that this would affect his ability to stand or walk for any length of time or any distance." (Admin. R., ECF No. 5-15, PageID.814.)   Dr. Comai also saw signs of focal tenderness along the medial joint line of the knee, a limited range of motion, moderate effusion, and calf muscle atrophy.  (*Id.*, PageID.813.)

The ALJ does not ignore these parts of Dr. Comai's notes.   His opinion refers to Dr. Comai's restriction on Plaintiff's knee and observations about its condition.[1]   (Admin. R., ECF No. 5-2, PageID.38, 41.)  Still, the ALJ chose to follow the opinions of Drs. Jackson and Mazei because a total limitation on standing and walking would be "inconsistent with the normal examination findings noted by the internal medicine consultative examiner, and the opinions of the state agency medical consultants."[2]   (*Id.*, PageID.41 (internal citations omitted).)   Plaintiff's argument, then, is that the ALJ should have weighed and evaluated the evidence differently.   But "weighing conflicting evidence was properly within the ALJ's role" and because the ALJ here had substantial evidence to support his finding, the Court must accept it.   *See Sallaz v. Comm'r of Soc. Sec.*, No. 23-3825, 2024 WL 2955645, at *7 (6th Cir. June 12, 2024).

---

[1] The ALJ does not mention every part of Dr. Comai's notes, nor does he have to.  *See Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661 (6th Cir. 2004) ("The ALJ's failure to discuss those observations does not indicate that they were not considered. An ALJ need not discuss every piece of evidence in the record for his decision to stand.").

[2] Plaintiff argues that the ALJ failed to reconcile significant competing evidence.  (Plaintiff Obj. 3-4.)   This characterization of the ALJ's opinion is unsupported.

After all, the Court's "role is not to resolve conflicting evidence in the record." *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). And the ALJ's findings "are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, Plaintiff's first objection about the supportability of the ALJ's opinion is overruled.

Finally, Plaintiff also argues that Dr. Comai's notes from the October 2024 examination were consistent with medical records from other exams and, as a result, they should have been weighed more heavily in supporting Plaintiff's description of his disability—in particular, his inability to stand or walk for any time. To support this argument, Plaintiff cites Dr. Comai's notes from previous visits in August 2023, January 2024, and February 2024. But these notes only describe Plaintiff's pain generally, and Dr. Comai does not repeat his assertion in any of the cited notes that Plaintiff is unable to stand or walk. (*See* Admin. R., ECF No. 5-9, PageID.381 ("Left Knee[:] Active psoriasis on BLLE.  No palpable effusion.  Tender medial and lateral joint line."); Admin. R., ECF No. 5-10, PageID.513 ("Pain of left knee joint."); Admin. R., ECF No. 5-10, PageID.521 (Left Knee Exam: Mild effusion, tender medial joint line, good ROM, no instability patterns.").)  Therefore, Plaintiff's second objection about the consistency of the ALJ's opinion is also overruled.

**III.**

The R&R (ECF No. 12) is thus **ADOPTED**.  The decision of the ALJ is

**AFFIRMED**.

    **IT IS SO ORDERED**.


Dated:  March 18, 2026            /s/ Paul L. Maloney
                                     PAUL L. MALONEY
                                     UNITED STATES DISTRICT JUDGE